Richard Leroy GRENNIER, Petitioner,

v.

Thomas ISRAEL, Superintendent of Wisconsin State Prison, Respondent.

Civ. A. No. 78–C–527.

United States District Court,
E. D. Wisconsin.

July 31, 1979.

Richard Leroy Grennier, pro se.

Bronson C. La Follette, Atty. Gen., and Kirbie Knutson, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The petitioner Richard Leroy Grennier was convicted in Milwaukee County Circuit Court on November 6, 1973, of the crime of first degree murder in violation of § 940.01, Wis.Stats., and sentenced to life imprisonment. He is presently incarcerated at the Wisconsin State Prison in Waupun, Wisconsin.

The petitioner has applied to this court for a writ of habeas corpus on four grounds: (1) that confessions were obtained from the petitioner when he lacked counsel, when improper warnings had been given, and when he was in a confused mental state; (2) that the petitioner was prohibited from introducing psychiatric testimony at the first phase of his trial to prove his inability to form the intent to commit murder; (3) that the State failed to prove the cause of the victim's death; and (4) that the State refuses to credit petitioner with his predetention time. For the following reasons, the petition will be denied.

*The Confessions*

Following a suppression hearing held in accordance with *State ex rel. Goodchild v. Burke*, 27 Wis.2d 244, 133 N.W.2d 753 (1965), the State trial court concluded that the petitioner's confessions to the murder were voluntary, that his mental state was not such as to preclude his waiver of his right to have an attorney present from being knowingly and intelligently made, and that adequate *Miranda* warnings were given to him prior to his confessing. This Court has made an independent review of the state court record, see *Townsend v. Sain*, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and it concludes that the confessions were properly obtained and properly admitted into evidence against the petitioner at trial.

The record reveals that petitioner was arrested on suspicion of burglary at approximately 3:00 A.M. on January 23, 1973, by Milwaukee police and immediately given proper *Miranda* warnings; that on the way to the station he volunteered the information that he had committed a murder; that at 6:50 A.M. he was readvised properly of his *Miranda* rights and he confessed orally to burglary; that at approximately 8:00 A.M. he was readvised correctly of his *Miranda* rights and began to make an oral confession to the murder; that another person then entered the room where petitioner was being interrogated, he was readvised properly of his *Miranda* warnings at approximately 8:45 A.M., and made an oral confession to murder terminating at 10:20 A.M.; that he was readvised properly of his *Miranda* rights and at 10:45 A.M. made a written confession to burglary; and that petitioner was thereupon transferred to the custody of the Oak Creek police, the murder having occurred in Oak Creek, Wisconsin. At the Oak Creek police station petitioner was again readvised of his *Miranda* rights. The warning as given, however, was constitutionally defective for the reasons set forth in *United States ex rel. Williams v.*

*Twomey,* 467 F.2d 1248 (7th Cir. 1972). (See Goodchild transcript, Vol. I, at 165, 228–229.) Petitioner began an oral confession to murder at 12:40 P.M., was interrupted and asked if a stenographer could be present, consented, was readvised improperly of his *Miranda* rights (Goodchild transcript, Vol. I, at 175), and proceeded to make a written confession to the murder, the confession terminating at approximately 1:55 P.M.

 If an interrogation is conducted without an attorney present and a statement results, the State has the burden of proving that the defendant "knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda v. Arizona,* 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966); *United States ex rel. Williams v. Twomey,* 467 F.2d 1248, 1251 (7th Cir. 1972). The standard which the State must meet is that the confession is voluntary by "a preponderance of the evidence," which is a lesser standard than that of proof beyond a reasonable doubt. *Lego v. Twomey,* 404 U.S. 477, 486, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). In addition, the defendant must be accurately advised of his constitutional rights before an interrogation is commenced. *Miranda v. Arizona, supra.* If a break in interrogation occurs, however, and the defendant has initially been adequately advised of his rights, while the better practice is to readminister the warnings, a second warning is not necessarily required and the giving of a subsequent inadequate warning will not necessarily result in the inadmissibility of a subsequent confession. *Evans v. Swenson,* 455 F.2d 291 (8th Cir. 1972), cert. denied 408 U.S. 929, 92 S.Ct. 2508, 33 L.Ed.2d 342; *United States ex rel. Henne v. Fike,* 563 F.2d 809 (7th Cir. 1977), cert. denied 434 U.S. 1072, 98 S.Ct. 1257, 55 L.Ed.2d 776.

 Having examined the transcript, and in view of the number of correct *Miranda* warnings which petitioner received prior to his transfer to the Oak Creek police department and his written confession to murder, and also in view of the testimony that at the time of his confessions petitioner appeared nervous and upset but also rational and in control of his faculties, the Court finds that the improper *Miranda* warnings at Oak Creek do not vitiate petitioner's confessions made at Oak Creek, and also finds that petitioner was sufficiently in control of himself to make a voluntary and intelligent waiver of his right to have an attorney present. Under all of the circumstances, therefore, the Court finds that petitioner's confessions were voluntarily and intelligently made and were admissible against him at trial.

### Psychiatric Testimony

 Section 2254(b) of Title 28 U.S.C. provides that an applicant for a writ of habeas corpus must exhaust available state remedies before he can obtain relief from a federal court. Petitioner's claim that he was prohibited from introducing psychiatric testimony at the first phase of his trial to prove his inability to form the intent to commit murder has not been presented to the Wisconsin Supreme Court, nor has petitioner filed a motion raising the claim in the state trial court pursuant to § 974.06, Wis.Stats. Consequently, this court is without jurisdiction to consider the claim.

### Cause of Death

 The petitioner asserts that he was denied due process because the State failed at trial to prove the cause of the victim's death, thereby shifting the burden to petitioner to disprove that he caused the victim's death by a premeditated act. The claim is frivolous. As stated by the Wisconsin Supreme Court in *Grennier v. State,* 70 Wis.2d 204, 216–217, 234 N.W.2d 316, 323 (1975):

"In presenting the argument that there is only circumstantial evidence to show that the defendant's act caused the death of the victim, it is apparently urged that the victim died as the result of some intervening force between the time of the original stabbing and the subsequent mutilation. There is, of course, no evidence to support any theory of an intervening killer, and again we point out that the position of the corpse remained un-

changed from the time Grennier left the scene until he returned.

" * * * The circumstantial evidence here need not show that it was impossible for an intervening force to have caused the death of the victim. It must merely rule out any reasonable probability of an intervening force that might support a theory of innocence. It is unreasonable to conclude that, after the victim was stabbed numerous times by the defendant and an attempt was made to pierce her brain, she died not from that attack but from a conjectural intervening force.

"There was sufficient evidence to corroborate the essential elements of the defendant's confession. It would be absurd on the basis of this record to conclude that there was any reasonable hypothesis of innocence that would exclude Grennier's acts as the cause of death. The evidence was sufficient beyond a reasonable doubt."

*Predetention Time*

■ The petitioner alleges that the Wisconsin Supreme Court and the Wisconsin Division of Corrections have refused to credit him with his pretrial detention time as required by § 973.155(5), Wis.Stats. In addition to exhaustion of state judicial remedies, however, a petitioner must also exhaust state administrative remedies before jurisdiction attaches in the district court to consider his claim on federal habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 491, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Therefore, this claim is also not properly before the court at this time.

For the foregoing reasons,

IT IS ORDERED that the petition of Richard Leroy Grennier for a writ of habeas corpus is denied.